**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4243**

─────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JAMES SINGLETON, a/k/a X-5,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00282-RJC-1)

─────────

Submitted: December 23, 2009        Decided: January 11, 2010

─────────

Before WILKINSON, KING, and GREGORY, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Claire J. Rauscher, Executive Director, Matthew R. Segal, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina; Beth Blackwood, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Singleton entered a conditional guilty plea, Fed. R. Crim. P. 11(a)(2), to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). Singleton preserved his right to challenge the district court's denial of his motion to suppress evidence seized as a result of an investigative stop by Officer Kirk Bynoe and Officer Charles Gunter of the Charlotte-Mecklenburg, North Carolina, Police Department.

On appeal, Singleton contends that the totality of the circumstances shows that the officers did not have reasonable suspicion to effectuate a Terry[*] stop because carrying an unconcealed firearm in a high crime area is not a crime in North Carolina and Singleton's understandably nervous conduct when finding himself observed by police officers did not indicate that he was involved in any criminal activity. Singleton also argues that, even if the officers had reasonable suspicion to stop him, the investigatory stop was longer than necessary to determine whether Singleton was engaged in criminal activity. Finding no error, we affirm.

In reviewing a district court's ruling on a motion to suppress, we defer to the district court's factual findings,

---

[*] Terry v. Ohio, 392 U.S. 1 (1968).

2

setting them aside only if clearly erroneous, and review its legal conclusions de novo. United States v. Perry, 560 F.3d 246, 251 (4th Cir.), cert. denied, 130 S. Ct. 177 (2009). When the district court has denied a motion to suppress, the evidence must be viewed in the light most favorable to the Government. United States v. Neely, 564 F.3d 346, 349 (4th Cir. 2009).

Consistent with the Fourth Amendment, a police officer may conduct a brief investigatory stop, known as a Terry stop, "when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry, 392 U.S. at 30). Whether there is reasonable suspicion to justify the stop depends on the totality of the circumstances, including the information known to the officer and any reasonable inferences to be drawn at the time of the stop. United States v. Sokolow, 490 U.S. 1, 8 (1989). Reasonable suspicion may exist even if "each individual factor 'alone is susceptible of innocent explanation.'" United States v. Black, 525 F.3d 359, 366-67 (4th Cir.) (quoting United States v. Arivizu, 534 U.S. 266, 277 (2002)), cert. denied, 129 S. Ct. 182 (2008). The reasonable suspicion determination is a "commonsensical proposition," and deference should be accorded to police officers' determinations based on their experience of what transpires on the streets. United States v. Foreman, 369

3

F.3d 776, 782 (4th Cir. 2004); United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993).

Although Singleton contends that carrying an unconcealed gun through a high crime area is not a crime in North Carolina, lawful conduct may give rise to a reasonable suspicion if the circumstances as a whole indicate that criminal activity is afoot. Wardlow, 528 U.S. at 125. Here, Officer Bynoe testified that the majority of people carrying unconcealed firearms in this area are security guards or special police and that Singleton was not wearing a uniform that would identify him as either. In addition, the officers testified that, upon noticing the police, Singleton exhibited a "fright or flight" expression on his face which, in the officers' experience, meant he was getting ready to take off running.

Singleton contends that he was understandably nervous when he found himself observed by police officers, and his nervousness did not give the officers reasonable suspicion that he was engaged in criminal activity. However, a defendant's unusually nervous behavior is a factor that the police can take into consideration when making the reasonable suspicion determination. United States v. Branch, 537 F.3d 328, 338 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009); Foreman, 369 F.3d at 785; United States v. Mayo, 361 F.3d 802, 807-08 (4th Cir. 2004).

4

Moreover, evasive conduct, including walking in the opposite direction upon noticing police officers, may also be taken into consideration by the police, even if the conduct stops short of headlong flight. United States v. Smith, 396 F.3d 579, 584 (4th Cir. 2005); Mayo, 361 F.3d at 807-08; Lender, 985 F.2d at 154. Here, the officers testified that upon noticing them, Singleton turned 180 degrees and began walking in the opposite direction. He ignored the first request to stop. Instead, he continued to walk quickly in the opposite direction, and stopped only when Officer Gunter issued a second command.

Viewing the evidence in the light most favorable to the Government, we conclude the district court did not err in denying the motion to suppress. Based on the totality of the circumstances, the officers had a reasonable, articulable suspicion to justify the Terry stop. Singleton's presence in a high crime area carrying an unconcealed firearm, his wearing very casual clothes indicating he was not a security officer, and his nervous and evasive conduct when confronted by police officers, gave the officers reason to suspect Singleton was involved in criminal activity. Further, the period of detention was not unreasonable, as it "last[ed] no longer than . . . necessary to effectuate the purpose of the stop." Florida v. Royer, 460 U.S. 491, 500 (1983). The purpose of the stop was to verify that Singleton was lawfully carrying a firearm in an area

5

plagued by gun offenses, and the ten-minute period of his detention was no longer than necessary to make that determination.

Therefore, the <u>Terry</u> stop did not violate Singleton's Fourth Amendment rights, and the district court properly denied Singleton's motion to suppress the evidence obtained as a result of the stop. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>